IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CODY JAMES MALONE,
Reg. No. 76696-004,

    Petitioner,

v.                                 Case No.: 5:21cv38-TKW-EMT

WARDEN W.E. MACKELBURG,
FCI MARIANNA,

    Respondent.
_____/

## RESPONSE IN OPPOSITION TO
## PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW Respondent and files this response in opposition to the § 2241 petition (Doc. 1) filed by Cody James Malone, a federal inmate at FCI Marianna. The petition is due to be denied because BOP afforded Petitioner the due process required and did not abuse its discretion in imposing the complained of disciplinary sanctions.

**MEMORANDUM IN SUPPORT OF DENIAL OF PETITION**

**The Petition**

    Petitioner challenges disciplinary findings against him at

1

FCC Yazoo for which he lost 41 days of good conduct time after a discipline hearing was conducted and he was found guilty of the charge of Disruptive Conduct Most Like Manufacturing/Possession of a Hazardous Tool (Offense Code 199 Most Like 108). Consequently, he seeks a court order for downward departure or to expunge his incident report and restore his good conduct time, which was disallowed because of said discipline. (DHO Report - Attachment 1).

## **Jurisdiction**

### Subject Matter Jurisdiction

Habeas corpus extends to prisoners in custody under the authority of the United States as well as those in custody in violation of the Constitution, laws, or treatise of the United States. 28 U.S.C. § 2241(c)(1) & (3). Attacks on a prisoner's custody are the essence of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Petitioner claims his Incident Report No. 3352967 should either reflect a lesser charge or be expunged for the reasons set forth below, and his good conduct time of 41 days be restored. Id. at VI.

### Personal Jurisdiction

District courts may grant writs of habeas corpus within their

respective jurisdictions. 28 U.S.C. § 2241(a). Proper exercise of said authority requires the court to have jurisdiction over the petitioner's custodian. Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (internal citation omitted). Accordingly, jurisdiction lies only in the district of confinement since the prisoner's custodian resides therein. Id. at 442-44; Diaz v. UnitedStates of America, 580 Fed. Appx. 716, 717 (11th Cir. 2014) (per curium) (unpublished).

Petitioner is a federal inmate at FCI Marianna, which is located in the Northern District of Florida. Consequently, this Court has jurisdiction over Petitioner's custodian.

## **Venue**

Section 2241's venue provisions provide that a habeas petition may be filed in the district court serving the institution where the petitioner is confined. 28 U.S.C. § 2241(d). Petitioner is confined at FCI Marianna, which is located in the Northern District of Florida. Accordingly, he appropriately filed his petition in the Northern District of Florida.

### Service of Process

Service of process for § 2241 petitions is governed by 28 U.S.C. § 2243. Section 2243 requires only that the custodian of the prisoner be served with a copy of the petition. Warden Mackelburg received a copy of the petition on or about April 23, 2021.

### Parties

#### Petitioner

Petitioner, James Cody Malone (register number 11171-010) is currently a federal inmate at the Federal Correctional Institution in Marianna, Florida (FCI Marianna). SENTRY <u>Public Information Data</u> (PPPI- Attachment 2). He is presently serving 360 months for violation of U.S.C. §§ 2251 (a) and (e) Used, Persuaded, Induced, Enticed, and Coerced a Minor to Engage in Sexually Explicit Conduct for the Purpose of Producing a Visual Depiction. <u>Id.</u> This sentence was imposed by the United States District Court for the Western District of Arkansas <u>Id.</u> Petitioner's projected release date March 5, 2038, via good conduct time release. <u>Id.</u>

### Exhaustion of Administrative Remedies

As discussed in the Analysis section below, Petitioner

exhausted his administrative remedies.

## Facts

On or about January 15, 2020, Petitioner was housed at FCC Yazoo City. On that date, M. Del Valle/SIS wrote an incident report charging Petitioner with Disruptive Conduct Most Like Manufacturing/Possession of a Hazardous Tool. (Prohibited act code 199 Most Like 108). Incident Report (Attachment 3 at § 9, 10). Staff became aware of the incident on January 15, 2020. Id. at § 11. The incident description states:

> On January 15, 2020, at approximately 12:50 PM, I, SIS, M. Del Valle, became aware SIS investigation YAP-20-0012, was complete. This investigation determined inmate Malone, Cody James, Reg. No. 11171-010, had manufactured an unauthorized file and/or possessed the code to utilize a manufactured file within the I-Connect BOP Education Network System. Specifically, a security scan conducted by the BOP Information Technology Department revealed multiple inmates' user profiles contained unauthorized files within the I-Connect system, including shortcut files, html files, script files, and/or application files. The discovery of these files on inmate user profiles contain

unauthorized files within the I-Connect system, including shortcut files, html files, script files, and/or application files. The discovery of these files on inmate user profiles revealed these inmates had circumvented (hacked) the I-Connect system security programming and created and/or used utilized unauthorized files.

On January 15, 2020, staff delivered the incident report to Petitioner Id. § 15 and an investigation of the incident began Id. at § 22. Petitioner was advised of his right to remain silent at all stages of the disciplinary process Id. at § 23; he indicated he understood his rights as well as the body of the incident report. Id. at § 24. Pursuant to the completed investigation, it was concluded the incident report was justified. The incident report was forwarded to the Unit Disciplinary Committee (UDC) for further disposition. Id. at § 27.

On January 17, 2020, Petitioner appeared before the Unit Discipline Committee (UDC). Id. at §21. Per R. Drummond, UDC committee chairperson, Petitioner was advised of his rights and stated he understood them. He received a copy of the incident report. Inmate Malone did not make any comment. Id. §17. Based on the seriousness of the incident, the UDC referred the Incident Report to the DHO (Id. at § 19) with the recommendation, "[Malone] receive[s] the appropriate sanction by the DHO as it relates to the prohibitive act." Id. at §20.

6

On January 17, 2020, Petitioner received, and acknowledged with his signature, <u>Inmate Rights at Discipline Hearing</u> (Attachment 4), notifying him of the right to have a written copy of the charges against him at least 24 hours prior to the DHO hearing; the right to have a staff representative; the right to call witnesses and present documentary evidence; the right to present a statement or remain silent; the right to be present throughout the discipline hearing; and the right to be advised of the DHO's decision and facts supporting that decision in writing; the right to appeal the DHO's decision through the administrative remedy process.

On January 22, 2020, DHO C. Grider conducted Petitioner's discipline hearing. (Attachment 1 at § IX) and Petitioner indicated he received a copy of the incident report and understood it; he stated he understood his rights before the DHO; he requested no staff representation and no witnesses; and stated he was ready to proceed <u>Id.</u> at § III.B. The DHO report indicates Petitioner admitted to the charges. The DHO report states, "The inmate admitted guilt to Disruptive Conduct Most Like Manufacturing/Possession of a Hazardous Tool, Code 199 [most like] 108. When asked if he wanted to make any

7

further statement, he stated 'I admit having the files on my profile. I just disagree with the severity.'" Id. There were no inmate witnesses requested by Petitioner who were not called or who were unavailable. Id. at § III.C.1. In addition to the Incident Report, documentary evidence including SIS Investigation YAP-20-2012; Memorandum from K. Morgan; Involved Inmate Account Info Spreadsheet; and Scan Summary Spreadsheet were utilized Id. at § III. D. Confidential information was not relied upon. Id at § III. E.

Based on the evidence, DHO Grider determined Petitioner committed the prohibited act of Disruptive Conduct Most Like Manufacturing/Possession of a Hazardous Tool, Code 199 ML 108 Id. at IV, § A. Consequently, DHO Grider sanctioned Petitioner with disallowance of 41 days of good conduct time, 15 days in disciplinary segregation, and 6 months email restriction Id. at § VI. DHO Grider explained the rationale for Petitioner's sanctions as follows:

> The action/behavior on the part of any inmate to circumvent computer software by manufacturing/possessing unauthorized flies threatens the safety and security of the institution. The sanctions imposed by the DHO are to let you know that you and you alone, are responsible for your actions.

8

> To hold you accountable for your actions, the DHO sanctioned you as outlined in section VI. Hopefully, these sanctions will have significant impact upon your future conduct and will deter you from future prohibitive acts. If not, the DHO cautions you the Bureau of Prisons believes in, and practices, progressive discipline. Repetitive behavior of this sort will likely result in even harsher consequences.
>
> This Disallowance of Good Conduct Time sanction was imposed to comply with mandatory sanctioning for PLRA inmates.
>
> The Disciplinary Segregation sanction was imposed as punishment for your behavior and should serve as a deterrent against future such conduct.
>
> The Restriction sanction was imposed because the severity of the offense merits imposition of sanctions which will impress upon you that your unwillingness to abide by rules and regulations will result in punishment, which will deprive you of a pleasurable privilege.

DHO Grider completed the DHO Report on January 22, 2020 and it was delivered to Petitioner on the same day at 11:00 as indicated by signature of C. Grider Id. at IX. The inmate was advised of the findings, specific evidence relied upon, action and reason for the action and he was advised of his right to appeal within 20 calendar days. Id. at VIII.

## Analysis

### The petition should be denied because Petitioner received due process.

Prisoners have a protected liberty interest in statutory good conduct credits, and thus have a constitutional right to due process in a discipline proceeding resulting in the loss of such. Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974). That notwithstanding, prison discipline proceedings are not part of the criminal prosecution, and the full panoply of due process rights to which a defendant is entitled in a criminal proceeding does not apply. Wolff v. McDonnell, 418 U.S. at 563-67 (1974). Procedurally, Wolff instructs that prisoners must receive: 1) advance written notice of the charges against them; 2) an opportunity to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; 3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action. Wolff, 418 at 563-67. Substantively, prison discipline decisions must be supported by "some evidence" in the record, and "any evidence" will do. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Young v. Jones, 37 F.3d 1457 (11th Cir. 1994). Determining whether

this standard is met does not require the court to examine the entire record, independently assess witness credibility, or weigh the evidence. Hill, 472 U.S. at 455. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455. (emphasis added).

Procedurally, Petitioner has received the process he is due. He received advance written notice of the charges vis-à-vis the incident report dated January 15, 2020; he had an opportunity to call witnesses and present documentary evidence at his DHO hearing on January 22, 2020; and he received the DHO Report providing a written statement by the factfinder outlining the evidence relied upon as well as the reasons for the disciplinary action. Furthermore, DHO Grider's conclusion that Petitioner committed the prohibited act of Disruptive Conduct Most Like Manufacturing/Possession of a Hazardous Tool, Code 199 Most Like 108 is substantively supported by evidence in the record. Consequently, the petition should be denied.

To the extent Petitioner challenges the merits of DHO Grider's findings, no different result is required. Even if Petitioner identifies arguments and evidence supporting charge should be "downgraded to

11

a lesser charge," his claim fails because the DHO Report supports the conclusion that Petitioner engaged in Disruptive Conduct Most Like Manufacturing/Possession of a Hazardous Tool, and this Court need not re- examine the entire record, independently assess witness credibility, or weigh the evidence. <u>Muscha v. Blackmon</u>, No. 5:17cv109-MCR-CJK (N.D. Fla. Dec. 8, 2017) (Kahn, USMJ.) (quoting <u>Hill</u>, 472 U.S. at 455) (denying prisoner petition challenging inmate discipline where petitioner identified arguments and evidence supporting claims of innocence), <u>report and recommendation adopted</u>, No. 5:17cv109/MCR/CJK, 2018 WL 314855 (N.D. Fla. Jan. 5, 2018) (Rodgers, C.J.).

**<u>Conclusion</u>**

Respondent respectfully requests that the petition be denied for the reasons discussed above.

Respectfully submitted,

JASON R. COODY
Acting United States Attorney

*/S Lennard B. Register, III*
LENNARD B. REGISTER, III
Assistant United States Attorney
Florida Bar No. 264970
21 East Garden Street, Ste. 400
Pensacola, FL 32502
(850) 444-4000
len.register@usdoj.gov

## **CERTIFICATE OF COMPLIANCE WITH N.D. FLA. LOC. R. 7.1(F)**

I hereby certify that this response complies with the word limitation set forth in N.D. Fla. Loc. R. 7.1(F). This response contains 2,070 words.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7, 2021, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF filing system and that a true copy has been furnished by U.S. mail to Cody James Malone, Reg. No. 11171-010, FCI Mariana, PO Box 7007, Marianna, FL32447-7007.

*/s Lennard B. Register, III*
LENNARD B. REGISTER, III
Assistant United States Attorney