| BP-A0304 JAN 17 | DISCIPLINE HEARING OFFICER REPORT | CDFRM |
|---|---|---|
| U.S. DEPARTMENT OF JUSTICE | | FEDERAL BUREAU OF PRISONS |

| Institution: FCC Yazoo City, MS | Incident Report Number: 3352967 | |
|---|---|---|
| NAME OF INMATE: Malone, Cody | REG.NO.: 11171-010 | UNIT: N |
| Date of Incident Report: 01-15-2020 | Offense Code: 199 ML 108 | |
| Date of Incident: 12-17-2019 (Prior to) | | |
| Summary of Charges: Disruptive Conduct Most Like Manufacturing/Possession of a Hazardous Tool | | |

**I. NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **01-15-2020** at (time) **1824 HRS** (by staff member) **C. Foreman, Lieutenant**.

B. The DHO Hearing was held on (date) **1-22-2020** at (time) **0655 HRS**.

C. The inmate was advised of the rights before the DHO by (staff member): **R. Drummond** on (date) **1-17-2020** and a copy of the advisement of rights form is attached.

**II. STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative. Yes **X** No ___.

B. Inmate requested staff representative and **N/A** appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: **N/A**.

D. Staff representative **N/A** was appointed.

**III. PRESENTATION OF EVIDENCE**

A. Inmate **X** (admits) ___ (denies) the charge(s).

B. Summary of inmate statement:

The inmate stated he received his copy of the Incident Report and he understood it. He stated he understood his rights before the DHO, requested no staff representative and requested no witnesses. The inmate stated he was ready to proceed.

The inmate admitted guilt to Disruptive Conduct Most Like Manufacturing/Possession of a Hazardous Tool, Code 199 ML 108. When asked if he wanted to make any further comment, he stated, "I admit having the files on my profile. I just disagree with the severity."

C. Witnesses:
1. The inmate requested witnesses. Yes ___ No **X**.

2. The following persons were called as witness at this hearing and appeared: **N/A**.

3. A summary of the testimony of each witness is attached **N/A**.

4. The following persons requested were not called for the reason(s) given: **N/A**.

5. Unavailable witnesses were requested to submit written statements and those statements received were considered **N/A**.

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **SIS Investigation YAP-20-0012; Memorandum from K. Morgan; Involved Inmate Account Info Spreadsheet; Scan Summary Spreadsheet.**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: **N/A**.

**IV. FINDINGS OF THE DHO**

**X** A. The act was committed as charged.

___ B. The following act was committed: ___

___ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

1

BP-A0304  
JAN 17  
U.S. DEPARTMENT OF JUSTICE

DISCIPLINE HEARING OFFICER REPORT   CDFRM

Attachment 1  
Page 2 of 3

FEDERAL BUREAU OF PRISONS

| Name of Inmate: Malone, Cody | Reg. No.: 11171-010 | Hearing Date: 1-22-2020 |
|---|---|---|

V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

The DHO finds on December 17, 2019 (prior to), you committed the prohibited act of Disruptive Conduct Most Like Manufacturing/Possession of a Hazardous Tool, Code 199 ML 108.

The specific evidence relied upon includes the written statement of the reporting staff member. SIS Technician M. Del Valle stated, "On January 15, 2020, at approximately 12:50 PM, I, SIS, M. Del Valle, became aware SIS investigation YAP-20-0012, was complete. This investigation determined inmate Malone, Cody James, Reg. No. 11171-010, had manufactured an unauthorized file and/or possessed the code to utilize a manufactured file within the I-Connect BOP Education Network System. Specifically, a security scan conducted by the BOP Information Technology Department revealed multiple inmates' user profiles contained unauthorized files within the I-Connect system, including shortcut files, .html files, script files, and/or application files. The discovery of these files on inmate user profiles revealed these inmates had circumvented (hacked) the I-Connect system security programming and created and/or utilized unauthorized files."

As evidence, the DHO considered SIS Investigation YAP-20-0012. This investigation concluded you accessed prohibited applications on the YAX I-Connect System, in violation of PS 1237.16, Information Security.

As evidence, the DHO considered the memorandum from K. Morgan, Chief, Field IT Operations, dated December 17, 2019. This memorandum documents the scan of all user profiles within the I-Connect System and the identification of unauthorized files within numerous inmate user profiles.

As evidence, the DHO considered the Involved Inmate Account Info Spreadsheet. This spreadsheet identifies inmate user profiles in the I-Connect System with unauthorized files. You are identified as one of the inmates with unauthorized files in your user profile.

As evidence, the DHO considered the Scan Summary Spreadsheet. This spreadsheet identifies the specific unauthorized files located on each identified inmate's user profile. Your user profile was identified as containing shortcuts to files/applications, and application files (.exe, .com).

You appeared before the DHO and you acknowledged to the DHO that you received a copy of the incident report and that you understood it. When asked by the DHO if you admitted or denied committing the prohibited act of Disruptive Conduct Most Like Manufacturing/Possession of a Hazardous Tool, Code 199 ML 108, you admitted guilt. When asked if you wanted to make any further comment, you stated, "I admit having the files on my profile. I just disagree with the severity."

The DHO considered your statement. It was clear to the DHO that SIS Technician M. Del Valle has sufficient experience to determine you violated the security of the Bureau of Prisons' I-Connect System, whereas the incident report documented the discovery of unauthorized files on your I-Connect System user profile, occurring prior to December 17, 2019.

Upon your commitment to any Bureau of Prisons facility, you participate in the institution's Admission and Orientation (A&O) program wherein you are advised of Bureau of Prisons (BOP) rules and regulations and your responsibility to abide by these rules. You were also provided an A&O handbook upon your entry into this facility which further details prohibited acts. Your participation in A&O and knowledge of BOP rules and regulations further establishes your culpability.

Therefore, based on the above listed evidence, the DHO finds some facts do exist which show you committed the prohibited act of Disruptive Conduct Most Like Manufacturing/ Possession of a Hazardous Tool, Code 199 ML 108, and sanctioned you accordingly.

BP-A0304
JAN 17

**DISCIPLINE HEARING OFFICER REPORT**   CDFRM

Attachment 1
Page 3 of 3

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU OF PRISONS**

| Name of Inmate: Malone, Cody | Reg. No.: 11171-010 | Hearing Date: 1-22-2020 |
|---|---|---|

VI. SANCTION OR ACTION TAKEN:          Offense Severity __Greatest__
                                        SGT Available    __N/A__

   Disallowance of Good Conduct Time: 41

   Disciplinary Segregation: 15 Days (Time Served)

   Email Restriction: 6 Months (Through 7-21-20)

VII. REASON FOR SANCTION OR ACTION TAKEN:
The action/behavior on the part of any inmate to circumvent computer software by manufacturing/possessing unauthorized files threatens the safety and security of the institution. The sanctions imposed by the DHO are to let you know that you and you alone, are responsible for your actions.

To hold you accountable for your actions, the DHO sanctioned you as outlined in section VI. Hopefully, these sanctions will have significant impact upon your future conduct and will deter you from future prohibitive acts. If not, the DHO cautions you the Bureau of Prisons believes in, and practices, progressive discipline. Repetitive behavior of this sort will likely result in even harsher consequences.

The Disallowance of Good Conduct Time sanction was imposed to comply with mandatory sanctioning guidelines for PLRA inmates.

The Disciplinary Segregation sanction was imposed as punishment for your behavior and should serve as a deterrent against future such conduct.

The Restriction sanction was imposed because the severity of the offense merits imposition of sanctions which will impress upon you that your unwillingness to abide by rules and regulations will result in punishment, which will deprive you of a pleasurable privilege.

VIII. APPEAL RIGHTS: __X__ The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| C. Grider, DHO | *C. Grider* | 1-22-2020 |

Delivered to Inmate: _C. Grider    1/22/20  11:00_
                     (Staff Printed Name)    (Date/Time)

Prescribed by P5270                                Replaces BP-304(52) of JAN 88